UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 5:06-CV-316-KSF

*ELECTRONICALLY FILED*

MASTER FILE

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATES TO:    Anderson/5:07-CV-00270(KSF)
Byrd/5:06-CV-00371(KSF)
Combs/5:07-CV-00312(KSF)
Cone/5:07-CV-00271(KSF)
Dawson/5:07-CV-00300(KSF)
Fahey/5:07-CV-00411(KSF)
First Citizens (N. Kono)/5:07-CV-00332(KSF)
First Citizens (T. Kono)/5:07-CV-00334(KSF)
Fortney/5:07-CV-00309(KSF)
Frederick/5:07-CV-00319(KSF)
Harris/5:07-CV-00287(KSF)
Hunt/5:07-CV-00282(KSF)
Lykins/5:07-CV-00306(KSF)
Mallory/5:07-CV-00285(KSF)
Theodore/5:07-CV-00315(KSF)
Thomason/5:07-CV-00324(KSF)
Trimble/5:07-CV-00269(KSF)
Turner/5:07-CV-00330(KSF)
Winters/5:07-CV-00412(KSF)

---

POLEHINKE'S MEMORANDUM IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT

Summary judgment is appropriate where the matters considered by the Court on a motion for summary judgment "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). Rule 56 (b)

allows a defending party to move for a summary judgment "at any time". In this case Polehinke has answered all complaints and asserted third party complaints and cross claims against other parties.

His motion here is for partial summary judgment on claims of punitive damages asserted against him by plaintiffs. He does not, by filing this motion, agree that any damages should be awarded against him in this proceeding. However, he recognizes that there may be issues of fact as to the percentage of fault that could be attributed to the parties to this proceeding and therefore limits this motion to the claims for punitive damages.

      1.      **PUNITIVE DAMAGES ARE NOT PROPER IN THIS PROCEEDING AGAINST POLEHINKE.**

In order for punitive damages to be assessed against Polehinke plaintiffs must prove by clear and convincing proof that Polehinke acted with oppression, fraud or malice. KRS 411.184(2). Punitive damages may also be awarded where gross negligence is shown. The Supreme Court of Kentucky in <u>Williams v. Wilson</u>, 972 S.W.2d 260 (Ky. 1998), ruled that KRS 411.184(1)(c) was unconstitutional for violating the jural rights doctrine by changing the common law standard of gross negligence for punitive damage awards.

It is apparent Polehinke did not intend to take off from runway 26. He thought Captain Clay had taxied to runway 22. Polehinke was severely injured in the accident.

The evidence points to the fault of the United States, FAA personnel, Jeppesen Sanderson, Inc., and the Airport entities, in causing Captain Clay and Fist Officer Polehinke to believe they were on runway 22.

The failure of the FAA to adequately staff the tower, the failure of Air Traffic Controller Damron to give adequate Taxiway information, failure to broadcast the Notice to Airmen (NOTAM on ATIS (automatic terminal information service) that taxiway alpha was closed north of runway

26, failure to scan and see Flight 5191 on runway 26 prior to giving clearance to take off, failure to give back taxi instructions, Jeppesen's failure to update the crews charts, and the Airport entities failure to provide proper lighting, signage and construction information all brought the crew of Flight 5191 to the wrong runway for takeoff.

Polehinke acknowledges that mistakes were made causing the crew to believe they were on runway 22. However, he contends there was no evil motive or reckless indifference to the rights of others by him or Captain Clay. Neither were the acts of Polehinke accompanied by "a wanton or reckless disregard for the lives, safety, or property of others.[1]

Kinney v. Butcher, 131 S.W.3d 357 (Ky. Ct. App. 2004), held that the defendant's conduct in exceeding the speed limit and colliding with an oncoming vehicle while attempting to pass in a no passing zone was not such wanton or reckless disregard of others as to warrant an instruction on punitive damages. The Court said this constituted nothing more than "ordinary negligence." Id. at 359.

In Turner v. Werner Enterprises, Inc., 442 F.Supp. 384 (E.D. Ky. 2006) (Judge Hood presiding), the Court granted summary judgment for the defendants on the punitive damage claims. Here the defendant driver of a tractor-trailer testified he was sleepy, but not asleep, at the time of the collision with another vehicle. The Court found no evidence of fraud, oppression or subjective malice as required under KRS 411.184(2). The Court also found that a finding of gross negligence in the instant case would effectively eliminate the distinction between ordinary and gross negligence. The later case of Caldwell v. Olshan Foundation Repair Co., 2007 U.S. Dist. LEXIS 24590 (2007), (copy attached) follows the reasoning in Turner, supra, and denied punitive damages where the

---

[1]Horton v. Union Light and Power Co., 690 S.W.2d 382, 389-390 (Ky., 1985).

3

plaintiffs offered a list of defendant's actions in performing work on the home of plaintiffs. The Court granted defendant's motion on the claim of punitive damages.

Estate of Embry v. Geo Transp. of Indiana, Inc., 478 F.Supp.2d 914 (2007), is a case where the Court granted a defense motion for summary judgment on the question of punitive damages. This concerned an automobile-truck collision when the truck driver choked on coffee, lost control of the tractor-trailer, crossed the median, struck an automobile, killing a mother and her 10 month old son. Judge Bertelsman ruled that the driver's ordinary negligence in choking on coffee did not rise to the level of gross negligence so as to support an award of punitive damages under KRS 411.184(2).

> 2. THE ACTS OF POLEHINKE DO NOT RISE TO THE LEVEL FOR ALLOWING CLAIMS FOR PUNITIVE DAMAGES.

Polehinke was the first officer on Flight 5191. He was subordinate to Captain Clay who was in charge of the flight. It was Captain Clay who taxied the plane to runway 26 and then taxied onto and lined up the plane for takeoff on runway 26. When Polehinke stated during takeoff that it was weird there were no lights it was Captain Clay who chose not to abort the takeoff. While there is no doubt Polehinke was confused as to the runway, his confusion does not constitute oppression, fraud or malice, nor does it rise to the level of gross negligence.

## CONCLUSION

The motion for summary judgment by Polehinke on all claims of punitive damages should be granted.

JOHNSON, TRUE & GUARNIERI, LLP


BY:/s/William E. Johnson
William E. Johnson
326 West Main Street
Frankfort, KY 40601
Telephone: (502) 875-6000
Facsimile: (502) 875-6008

ATTORNEY FOR DEFENDANT POLEHINKE